IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| PAMELA R. BAILEY,<br><br>      Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>      Defendant. | No. C05-4011-MWB<br><br>**ORDER REGARDING PLAINTIFF'S ATTORNEY'S APPLICATION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT** |

_____

This matter comes before the court pursuant to plaintiff's attorney's May 23, 2006, "Application for Attorney Fees" (Doc. No. 17) in the amount of $5,011.88.[1] The fee application is made pursuant to 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA"), following judgment by this court that the Commissioner's decision denying plaintiff's application for disability benefits be reversed and remanded.[2] The Commissioner objects to the award of attorney fees under the EAJA stating that the

---

[1] Plaintiff's attorney submitted a detailed itemized statement, a Consumer Price Index for the years in which the work was performed, and a memorandum in support of the motion for fees.

[2] The court's remand of Bailey's case for further proceedings was sufficient for Bailey to qualify as the "prevailing party" under the EAJA. *See Shalala v. Schaefer,* 509 U.S. 292, 300-02 (1993); *Pottsmith v. Barnhart,* 306 F.3d 526, 529 (8th Cir. 2002); *see also* 28 U.S.C. § 2412(a)(1)

Commissioner's position was substantially justified. In support of this contention the Commissioner states,

> The Commissioner's position, that Plaintiff did not prove she was disabled, was substantially justified. The EAJA provides for an award of attorney fees to a prevailing party "unless the court finds that the position of the United States was substantially justified." *See* 28 U.S.C. § 2412(d)(1)(A). The test under the EAJA is essentially one of reasonableness and there is no presumption that the Government's position was not substantially justified simply because it lost the case. A finding that substantial evidence did not support the Commissioner's denial of Plaintiff's application does not necessarily mean that an award of attorney fees is appropriate. The ALJ's decision can be substantially justified even if it was wrong. *See Pierce v. Underwood*, 487 U.S. 552, 108 S.Ct. 2541, 2550 n. 2 (1988); *Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005).

(Doc. No. 18).

Bailey urges that the "position" of the government was not "substantially justified."

> Specifically, the ALJ and the Commissioner each failed to assign appropriate weight to the opinion of plaintiff's treating physicians, who had the most and best knowledge and information about her longitudinal medical symptoms and imposed limitations of both exertional and non-exertional functions. Clearly, the Commissioner's determination was not supported by substantial medical evidence, and in fact the overwhelming weight of the medical evidence demonstrates that she has not been capable of substantial gainful employment.
> 
> Plaintiff has attempted to provide the Commissioner multiple opportunities to correct her errors, and repeatedly at every level the Commissioner has continued her unjustified position. Even at the level of the ALJ, a trained and experienced specialist in the laws and rules regarding disability

2

under the Social Security Act, the Commissioner continued to rule contrary to the law and the facts. *The ALJ's failure to acknowledge Plaintiff's mental impairments and limitations, and thus recognize that there were non-exertional limitations that require a vocational expert witness to meet the Government's burden of proof at step five, was simply blatantly ignoring 8th Circuit law*. Most unjustified of all, the Commissioner's Appeals Council acted extraordinarily quickly, but chose to merely rubber stamp the ALJ's denial. Thereafter, the Commissioner continued to attempt to defend the errors of the ALJ, contrary to the Commissioner's own regulations and policies, and contrary to 8th Circuit case law.

(Doc. No. 17-2) (emphasis added)

This court's observations about the ALJ's errors are relevant to whether or not the Commissioner's position was substantially justified,

[T]hat the ALJ erred by substituting the ALJ's medical judgment for that of the medical experts, and that by doing so, the ALJ improperly eliminated the necessity for a vocational expert to evaluate the non-exertional factors relating to her Residual Functioning Capacity. The courts have recognized that vocational expert testimony is required in order to determine whether a claimant suffers from a non-exertional disability regardless of the findings directed by the medical-vocational guidelines. It is well settled Eighth Circuit case law that, having found Plaintiff is unable to do her past relevant work, the burden of proof shifted to the Commissioner to come forward with medical evidence to prove Plaintiff has a residual functional capacity for other work, and that other work exists insignificant numbers in the national economy that such a person is able to do. *McCoy v. Schweiker*, 683 F.2d 1138, 1146-47(8th Cir. 1982) (en banc); *O'Leary v. Schweiker*, 710 F.2d 1334, 1338 (8th Cir. 1983); *Soth v. Shalala*, 827 F. Supp.1415, 1417 (S.D. Iowa 1993). *It is also well settled law that in order to meet the second prong of the Commissioner's burden, in cases where referral to the medical*

3

> *vocational guidelines (Grid) is inappropriate, the ALJ must rely on the testimony of a vocational expert in response to a hypothetical question which precisely sets out the claimant's impairments and limitations. Ness v. Sullivan*, 904 F.2d 432, 436 (8th Cir. 1990). *Haines v. Apfel*, 986 F. Supp. 1212, 1215 (S.D.Iowa,1997) Here, one of the treating mental health professionals opined that Bailey's ability to remember, understand, and carry out instructions requiring attention, concentration, and pace was extremely limited. (R. 122). Nevertheless, the ALJ formulated a residual functional capacity that included no limitations regarding mental acuity despite several diagnoses of and treatment for Severe Recurrent Depression and did not call a vocational expert to testify as to the effect of any mental impairments. (R. 15).

( Doc. No. 15) (emphasis added).

The court finds no substantial justification in the Commissioner's support of the ALJ's decision to proceed, almost capriciously, rejecting the guidance of the Eighth Circuit Court of Appeals and the statute regarding the non-exertional impairments and the requirement of a Vocational Expert in a case such as Bailey's. Therefore, Bailey is entitled to attorney fees under 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA").

The Commissioner also objects to the amount of time billed, specifically asserting that the amount of time claimed for routine tasks is excessive.

> Defendant objects to the number of attorney hours for which compensation is requested. Plaintiff's attorney has billed a total of 31.05 hours of attorney time and 3.05 hours of paralegal time. Plaintiff's application includes 1.25 hours of attorney work performed during 2004. See Application for Attorney Fees Under the Equal Access to Justice Act 28 U.S.C. §2412(Application) at 5. However, the detailed breakdown of hours spent performing various tasks shows that Plaintiff's

4

attorney did not perform any work on the case in 2004. See Application at 4.  Plaintiff also charged .5 hours for filing a motion for an extension of time to file her brief. See Application at 4. Defendant objects to compensating Plaintiff's attorney for time spent obtaining extensions to file her brief. Plaintiff also charged .25 hours for simply receiving the answer and the copy of the administrative record. See Application at 4. Plaintiff has requested 1.25 hours of paralegal time and 1.95 hours for attorney time for the same activity of reviewing the file and evaluating it for judicial review. See Application at 4. This is duplicative and unnecessary. The Commissioner also alleges that this "was a 'straightforward' Social Security disability case which did not involve particularly difficult or complex issues." (Doc. No.18).  Plaintiff's attorney replies that the hours are reasonable and draws the court's attention to the fact that the brief was not "boilerplate," nor a restatement of the original brief, but a necessary response made to the defendant's specific points and cases.

(Doc. No. 19).

Reasonable attorney fees may be awarded under the EAJA, 28 U.S.C. § 2412, to plaintiff's attorneys who prevail in Social Security cases.  *See Stockton v. Shalala*, 36 F.3d 49, 50 (8th Cir. 1994).  The statute provides, in pertinent part, as follows:

> (b) Unless expressly prohibited by statute, a court may award *reasonable fees and expenses* of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action.  The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

5

28 U.S.C. § 2412(b) (emphasis added). Furthermore, the reasonable hourly rate for such attorney fees and certain exceptions to that rate are also established by statute:

> [A]ttorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii); *see also Stockton*, 36 F.3d at 50 (quoting the statute, which then provided for a maximum hourly rate of $75).

The Commissioner argues that the issues presented in plaintiff's brief were not particularly difficult or complex. (Doc. No. 18). The court finds, however, that the failure of the ALJ to exaimine all the facts, follow established procedure, and produce a thorough record unnecessarily complicated this case.

The plaintiff's attorney bears the burden of establishing the reasonable and necessary hours to be compensated in a claim. *See Cotter v. Bowen*, 879 F.2d 359 (8th Cir. 1989). The court reviews the itemized application for excessive, redundant, or otherwise unnecessary hours, hours that would be unreasonable to bill to a claimant. The determination of "reasonable hours" is determined by the court's professional judgment regarding knowledge, experience, and expertise in order that the time billed is not excessive or extreme.

> In situations such as this, the Eighth Circuit Court of Appeals has on many occasions instructed trial courts to use their own knowledge about the lawyers who appear in their courts to determine the appropriate hourly rate and other factors relating to the determination of a reasonable fee. "The trial judge should weigh the hours claimed against his [or her] own

> knowledge, experience and expertise of the time required to complete similar activities." *See Gilbert v. City of Little Rock, Ark.*, 867 F.2d 1063, 1066 (8th. Cir. 1989).

*Shepherd v. Apfel*, 981 F. Supp. 1188, 1192 (S.D. Iowa 1997).

As to the amount of attorney time claimed, the Commissioner asserts that the number of hours claimed by plaintiff's attorney is unreasonable. After a review of the record and the filings the court finds that there is a clerical error on the part of Bailey's attorney for 1.25 hours of attorney time on the 2004 sub total line. (Doc. No. 17-1) The 1.25 hours in question was actually paralegal time charged as such in 2004. The court agrees that .25 hour(s), billed at the 2005 rate, to receive an answer and the record, should be part of the administrative duties and not billed as attorney time. After a review of the very brief "boilerplate" motion for extension to file brief, the court finds the half an hour billed for that motion to be excessive and should be reduced to a quarter hour (.25) at the 2005 rate. These deductions: 1.25 hours at $149.14 (186.42); .25 hour(s) at $153.51 at 38.37; and .25 hours at $153.51 (38.37) total $263.16. Bailey's attorney applied for an award of $5,001.88.

After review of the application and the above deductions, the court finds that a total fee of $4748.72 "reasonably and adequately accounts for the attorney's court-related services." *Stockton*, 36 F.3d at 50. The claim for $4,748.72 is based on the adjusted monthly cost of living index, as listed in the worksheet. (Doc. No. 17-1,17-2). The court finds that an increase in the hourly rate above the statutory rate is justified in this case, owing to an increase in the cost of living. *See* 28 U.S.C. § 412(d)(2)(A)(ii).

7

**THEREFORE**, the Commissioner's objection is **denied.** Bailey's attorney's Application for Attorney Fees (Doc. No.17-1) is **granted** as modified by the court, and the court **awards** attorney fees in the total adjusted amount of $4,748.72 pursuant to 28 U.S.C. § 2412.

**IT IS SO ORDERED.**

**DATED** this 27th day of March, 2007.

_Mark W. Bennett_
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA